HEARD APRIL TERM, 1873.

## SHELTON *vs.* MAYBIN.

Errors in the rulings of the Circuit Judge cannot be considered, except upon proper exceptions, taken at the trial.

Where, after the session of a Circuit is commenced, an Act is passed transferring the County to' another Circuit and fixing a different time for holding the Courts therein, the jurisdiction of the Court to continue its session and hear and determine cases after the passage of the Act, is not affected—the Act containing no special provision on the subject.

BEFORE THOMAS, J., AT UNION, MARCH TERM, 1872.

Action for dower by Lucy Shelton, plaintiff, against A. G. Maybin, defendant.

The Term of the Court, at which the case was tried, commenced on the 6th March, 1872. On the 9th March, 1872, the Act entitled " An Act to amend sundry Sections of the Code of Procedure, relating to Circuit Courts," was passed. This Act transferred Union County from the Sixth to the Seventh Circuit, and changed the time for holding the Courts of Common Pleas of the County from the Wednesday after the first Monday of March to the Wednesday after the third Monday of that month. The action in this case was tried on the 13th and 14th days of March, 1872. The verdict was for the plaintiff.

The defendant gave notice of appeal on several grounds, the fifth and last ground being : " Because the judgment is void, the Court being held at a different time and in a different Circuit, and by a different Judge than that prescribed by the Act of the Legislature."

*Bobo & Moorman,* for appellant.

*Wallace & Steadman,* contra.

Oct. 27, 1873. The opinion of the Court was delivered by

WILLARD, A. J. A verdict was rendered on behalf of respondent as demandant of dower. The appellant asks that the verdict be set aside and a new trial granted. It does not appear by the record that any exception to the rulings of the Circuit Judge was taken upon the trial. A single proposition appears to have been charged, and that was charged in conformity to the appellant's request. This Court has so often held that a verdict will not be disturbed. unless some error in the ruling of the Circuit Judge is brought up, by a proper exception, that it is unnecessary again to refer to the subject.

The fourth ground of appeal may be regarded as based on an objection proper for a motion in arrest of judgment, and, therefore, may be considered. The proposition is, that the judgment is void, the Court having been held at a different time, in a different Circuit, and by a different Judge than that prescribed by the Act of the Legislature.

The term of the Court of Common Pleas for Union, at which the case was tried, commenced on the 6th of March, 1872, in conformity with the law as it stood at that time.

Three days after the session of the Court had commenced, and on the 9th day of March, a law was enacted transferring Union County from the Sixth to the Seventh Circuits, and changing the March Term of the Common Pleas for that County from the Wednesday succeeding the first Monday of March to the Wednesday succeeding the third Monday of that month. (15 Stat. 146.)

It is contended that the intent and operation of this statute was to render invalid all proceedings of the Court of Common Pleas in session, at its passage, on the two-fold ground that it was being held by the Circuit Judge of the Sixth Circuit, whereas, by law, as amended, the power of that Judge to sit in that County ceased on the passage of the Act, on the 9th day of March, and that the time of the holding of the March Term being changed to a later day, the Court, as organized at the passage of the law, was dissolved by its operation.

It will not be necessary to consider the question whether the judicial authority of a Circuit Judge is circumscribed to such an extent that in the event of his sitting in the Court of General Sessions or Common Pleas beyond the limits of his proper Circuit, and without special statute authority therefor, all proceedings of such Court will be null and void; for we are satisfied that it was not the intent or operation of the statute in question to affect the organization or powers of the Court as it was sitting in Union at the passage of the Act.

The Court was organized and sitting at the time, under Section 16, Article IV, of the Constitution, which contains the following language: "The Court of Common Pleas shall sit in each Judicial District in this State at least twice in every year, at such stated times and places as may be appointed by law."

The Legislature, in accordance with this provision of the Constitution, had designated a time and place for the sitting of the Court

in Union County, and the Court was, at the passage of the law, in the actual exercise of its constitutional authority conformably to such legislative designation.

As the law in question is in form and substance a general regulation of the various Courts of Common Pleas and General Sessions throughout the State, and as no intent is expressed, nor can properly be implied to give it any special or peculiar operation as affecting Courts already in session, we are constrained to hold that it did not intend any interference with the powers of the Court when in session at its passage. Whether the Legislature would have authority to dissolve the Court, either directly or indirectly, when convened and sitting in conformity with law and under authority specifically delegated by the Constitution, is a question that need not be considered, as we find nothing in the statute evidencing such an intent. The Court was duly sitting, and the verdict and judgment possess full authority.

The appeal must be dismissed.

*Wright*, A. J., concurred.

*Moses*, C. J., absent at the hearing, but concurred in the judgment.